IN THE COURT OF APPEALS

8/12/97

OF THE

STATE OF MISSISSIPPI

NO. 95-KA-00746 COA

MARK DEMPSEY HODA APPELLANT

v.

STATE OF MISSISSIPPI APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. ROBERT H. WALKER

COURT FROM WHICH APPEALED: HANCOCK COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: JAMES G. TUCKER III

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: DEWITT T. ALLRED III

DISTRICT ATTORNEY: CHARLES WOOD

NATURE OF THE CASE: CRIMINAL: SALE OF COCAINE

TRIAL COURT DISPOSITION: CONVICTED OF SALE OF COCAINE AND SENTENCED TO TEN YEARS IN MDOC

MOTION FOR REHEARING FILED:9/16/97

PETITION FOR CERTIORARI FILED: 11/19/97

MANDATE ISSUED: 2/23/98

BEFORE McMILLIN, P.J., COLEMAN, AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

This is an appeal from the Circuit Court of Hancock County wherein Mark Dempsey Hoda was convicted of the sale of cocaine and sentenced to ten years imprisonment. Feeling aggrieved, Hoda appeals arguing: (1) the trial court erred in excusing Carol Bell from the panel of potential jurors; (2) improper evidence of other crimes was allowed; and (3) he was entitled to a cautionary instruction regarding accomplice testimony.

## STATEMENT OF THE FACTS

On January 13, 1994, police arranged for a confidential informant, Dennis Devilbiss, to make a controlled buy of cocaine from Hoda with $100 of police money. Devilbiss telephoned Hoda and arranged to meet for the sale. Narcotics Officers Terry Eley and Burlson monitored and tape recorded this telephone conversation. When Devilbiss met Hoda, Devilbiss paid Hoda $100 for a sixteenth of an ounce of cocaine. Officer Eley also monitored and tape recorded the cocaine purchase between Devilbiss and Hoda. Both Devilbiss and Officer Eley testified at trial. The tape of the telephone call and the drug transaction was introduced into evidence. Officer Eley identified Hoda's voice on the tape.

During the jury selection process, Carol Jean Bell was excused from the panel of potential jurors. Bell had been summoned to appear for jury duty. On her juror information card, Bell listed her home address as "601 Josephine Street, Pass Christian" which is located in Harrison County. Hoda was being tried in Hancock County. Bell advised the court that she had been residing at that address in Pass Christian for over one and one-half years. The trial court, on its own motion, disqualified Bell from the panel of potential jurors.

## ARGUMENT AND DISCUSSION OF THE LAW

I. CAROL JEAN BELL WAS A QUALIFIED ELECTOR AND SHOULD HAVE BEEN ALLOWED TO SERVE.

Carol Bell gave a Harrison County address on her juror information card. She stated that she had been living in Harrison County for over one and one-half years, but that she considered herself a resident of Hancock County and continued to vote in Hancock County. The trial court determined that Bell should be excused from the panel of potential jurors. Hoda argues that the trial court erred in excusing Bell.

The State responds that Hoda is not entitled to the service of any particular person on the jury, and that the trial court did not abuse its discretion. The State also points out that Hoda has failed to establish prejudice. We agree. The Mississippi Supreme Court has said that the defendant must show actual prejudice resulting from the excusing or substitution of a juror. *Shaw v. State*, 540 So. 2d 26, 28 (Miss. 1989). In *Shaw*, the trial court excused for cause a member of the jury for failure to respond during the voir dire of the jury to a question regarding any juror's involvement with the district attorney's office. *Shaw*, 540 So. 2d at 27. At the conclusion of closing arguments, but prior to jury deliberations, the State discovered that the juror had been previously indicted by the grand jury in that county, but the case had been retired to the file and never prosecuted. *Id.* On appeal, the defendant/appellant challenged the juror's removal from the jury. The Mississippi Supreme Court rejected a *Batson* argument but determined that the trial court erred in summarily dismissing the juror without a hearing and further factual determinations. However, the court noted that the defendant/appellant failed to demonstrate actual prejudice. Without actual prejudice, the court determined that the trial court's error was harmless. *Id.*

In the present case, we need not reach the question of whether the trial court erred in excusing Bell from the panel because Hoda has failed to demonstrate actual prejudice. Hoda merely argues that Bell should have been allowed to serve on the jury. Because Bell was excused prior to the actual selection of the jury, there was no guarantee that she would have been selected. Regardless, Hoda has failed to meet his burden on appeal, and we find no error.

## II. THE EVIDENCE OF OTHER CRIMES SHOULD HAVE BEEN EXCLUDED

Police arranged for Dennis Devilbiss, a confidential informant, to purchase cocaine from Hoda. Devilbiss testified that he called Hoda and arranged a meeting. According to Devilbiss, Hoda knew that the reason for the visit was to purchase drugs. Hoda objected to this testimony as speculation. In response to the objection, the State elicited from Devilbiss that he had purchased drugs from Hoda on other occasions. Hoda asserts that this was improper evidence of other crimes. The State contends that this testimony came in response to Hoda's objection and was proper to establish intent and absence of mistake.

Hoda is correct in his assertion of the general rule that evidence of a crime other than the one for which the accused is being tried is not admissible. *See Ballenger v. State*, 667 So. 2d 1242, 1256-57 (Miss. 1995). However, M.R.E. 404(b) provides exceptions to the rule. M.R.E. 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

M.R.E. 404 (b). The testimony about which Hoda complains was elicited in direct response to his

objection that the witness was speculating. The State was entitled to establish the basis for the witness's knowledge, and that his testimony was not the result of mistake. Pursuant to Rule 404(b), we cannot say that the trial court erred in admitting this testimony.

Hoda also asserts that the trial court erred in allowing Officer Eley to testify that Hoda was a major drug dealer. The State points out that this testimony came out on cross-examination when Hoda was challenging Officer Eley's testimony that he recognized Hoda's voice. Officer Eley responded, "This wasn't the first attempt. I worked Mr. Hoda. I worked Mr. Hoda on two separate occasions, which I was unable to purchase narcotics from. He's a major supplier." The trial court overruled Hoda's objection and noted that the comment was "in response to a rather quick and semi-heated exchange of questions and responses." Again, we invoke the trial court's discretion in the admission of testimony. While the witness's testimony may have gone beyond the permissible boundary of Rule 404(b), we must give deference to the trial court's determination that the comment was a result of a heated exchange and was elicited by Hoda's attorney. We find no error.

III. HODA SHOULD HAVE BEEN GIVEN A CAUTIONARY INSTRUCTION WITH REGARD TO ACCOMPLICE DENNIS DEVILBISS.

Hoda asserts that the trial court erred in refusing his cautionary instruction regarding the testimony of Devilbiss who Hoda maintains was an accomplice. The trial court determined that Devilbiss was not an accomplice. The State responds that a confidential informant is not an accomplice.

The Mississippi Supreme Court has said:

"the granting of a cautionary instruction regarding the testimony of an accomplice is discretionary with the judge." However, that discretion is not absolute; it may be abused. *Two aspects in determining whether or not the discretion has been abused are (1) was the witness in fact an accomplice, and (2) was the testimony without corroboration.*

*Ferrill v. State*, 643 So. 2d 501, 506-07 (Miss. 1994) (citations omitted) (emphasis in original).

The crux of Hoda's argument rides on the presumption that Devilbiss was an accomplice. However, this premise is flawed because Devilbiss was a police informant whom police arranged to assist them in the controlled buy. The court in *Ferrill* stated:

An accomplice for these purposes is a person who is implicated in the commission of the crime. That is to say, that if the evidence admits a reasonable inference that the witness may have been a co-perpetrator or the sole perpetrator the cautionary instruction should be given.

*Ferrill*, 643 So. 2d at 507. By this definition, Devilbiss is not an accomplice. Thus, the first aspect of granting the cautionary instruction--that Devilbiss be an accomplice--is not met. We, therefore, cannot say the trial court abused its discretion in failing to give the cautionary instruction. We find no error.

**THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HANCOCK COUNTY.**

**BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND SOUTHWICK, JJ., CONCUR. THOMAS, P.J., NOT PARTICIPATING.**